### KALE CRAIG v. THE STATE.

No. 3566. Decided February 7, 1906.

**Sunday Law—Plea of Former Conviction.**

If defendant had filed a plea of former conviction showing that another person had been convicted for the same offense, the latter could not have operated in favor of defendant; besides this matter was brought up in a motion to quash the information and could not be considered in that form.

Appeal from the County Court of Tarrant. Tried below before Hon. R. F. Milam.

Appeal from a conviction of violating the Sunday law; penalty, a fine of $35.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Conviction for violating the Sunday law; fine imposed being $35. The questions presented in regard to the motion in arrest of judgment and motion to quash are the same as in cause No. 3564, J. A. Bennett v. State, just decided. As a further ground of the motion to quash, it is alleged that Bennett, whose place is charged to have been kept open on the 13th day of August, 1905, has been convicted for having kept open said place on Sunday, in violation of the law, and that it is a valid and subsisting judgment against Bennett; and appellant urges that he cannot be convicted for having kept open the place for the purpose of traffic, because Bennett has been convicted for the same offense, as evidenced by copy of the information and judgment, which are alleged to be attached to the motion. However, these are not found in the record. This is simply stated as a ground of the motion to quash, and is not well taken. Even if a proper plea had been filed in the case, it could not operate in favor of appellant if he violated the law. It is not a reason for his escaping punishment that another man had been convicted, for if the facts show that he participated in the crime both would be guilty. The judgment is affirmed.

*Affirmed.*